(Pleito No. 129.—Fallado el 19 de Junio de 1901.)

## Banco Español de Puerto Rico contra El Registrador de la Propiedad.

Solicitud de un *Mandamus.*

1.—PARTE DE UN SOCIO EN LOS BIENES DEL FONDO SOCIAL. Tratándose de definir los derechos de los acreedores particulares de los socios sobre los bienes de la sociedad, ha de estarse á las disposiciones especiales del Código de Comercio que rigen el contrato de sociedad mercantil, con preferencia á las del Código Civil, que sólo son aplicables á los actos y contratos de comercio como supletorios y en lo que no estuviere expresamente establecido en aquella legislación especial.

2.—ANOTACIÓN DE EMBARGO. No deben anotarse en el Registro de la Propiedad los embargos decretados contra la parte de un socio en los bienes del fondo social cuando la propiedad de los bienes embargados resulte inscrita á favor de la sociedad mercantil.

### RESOLUCIÓN.

En la Ciudad de San Juan Bautista de Puerto Rico, á diez y nueve de Junio de mil novecientos uno.—Visto el presente recurso gubernativo interpuesto por el Banco Español de Puerto Rico contra negativa del Registrador de la Propiedad de esta Capital á inscribir un mandamiento de embargo.—

Resultando : Que en el pleito ordinario seguido en el Tribunal del Distrito de San Juan por el Banco Español de Puerto Rico contra Don Gorgonio Bolívar y otros en cobro de pesos, se decretó por auto de dos de Marzo último embargo preventivo en los bienes del demandado Don Gorgonio Bolívar y que librado mandamiento al Registrador de la Propiedad de esta Capital para la anotación del embargo en la participación que el mismo Bolívar tenga como gestor de G. Bolívar y Cª en dos porciones de terreno, sitas en el barrio de Santurce, de esta Capital, que aparecen inscritas en el Registro de la Propiedad á nombre de la expresada sociedad G. Bolívar y Cª, denegó el Registrador la anotación ordenada, según nota puesta al pie del mismo mandamiento con sujeción á los artículos 20 de la Ley Hipotecaria y 92 de su Reglamento, por aparecer inscritas las fincas en el mismo mandamiento relacionadas, la una en su totalidad á favor de G. Bolívar y Cª, y la otra en parte á favor de la propia sociedad y en parte á favor de Doña Angela Daubón ó sea personas distintas de Don Gorgonio Bolívar, contra quien se había decretado el embargo.—Resultando : Que notificada dicha nota al presentante del mandamiento, como no estuviera conforme con la negativa del Registrador y pidiera se elevara á este Tribunal Supremo para la resolución correspondiente, así lo hizo el Registrador remitiendo el mandamiento con la oportuna comunicación, compareciendo también en tiempo hábil ante este Tribunal el Abogado Don Antonio Sarmiento á nombre del Banco Español de Puerto Rico, alegando por escrito lo que estimó pertinente á su derecho y pidiendo se revocara la calificación del Registrador con las costas y se le ordenara la anotación del embargo gratuitamente como lo previene la Orden General número 99.—Vistos los artículos 20 de la Ley Hipotecaria y 92 de su Reglamento y 174 del Código de Comercio vigente.—Considerando : Que es precepto de la Ley Hipotecaria expresamente consignado en la regla 1ª del artículo 92 del Reglamento dictado para su ejecución, de

conformidad con el artículo 20 de la misma Ley, que para anotar los embargos decretados contra determinada persona, es requisito indispensable que resulte inscrita previamente á su favor la propiedad de los bienes embargados, debiendo denegarse la anotación del embargo cuando aparezca inscrita la propiedad de dichos bienes á nombre de persona distinta. —Considerando: Que inscritas como están las dos porciones de terreno de que se trata á favor de la sociedad mercantil G. Bolívar y Cª y Doña Angela Daubón, personas distintas de la de Don Gorgonio Bolívar, no es procedente la anotación del embargo decretado sobre la participación que en los inmuebles de referencia tenga el Don Gorgonio Bolívar como gestor de G. Bolívar y Cª tanto porque no lo autorizan los preceptos legales expresados, cuanto por no permitirlo tampoco el artículo 174 del nuevo Código de Comercio, según el que los acreedores particulares de los socios no tienen otro derecho que el de embargar y percibir lo que por beneficios ó liquidación pueda corresponder al socio deudor, pero en manera alguna la parte que á éste corresponda en los bienes del fondo social mientras que la sociedad no se liquide y queden satisfechas todas sus obligaciones.— Considerando: Que siendo mercantil la sociedad G. Bolívar y Cª y tratándose en el presente caso de definir los derechos de los acreedores particulares de los socios sobre los bienes de la sociedad, ha de estarse á las disposiciones especiales del Código de Comercio que rigen el contrato de sociedad mercantil con preferencia á las del Código Civil, que sólo son aplicables á los actos y contratos de comercio como supletorias y en lo que no estuviere expresamente establecido en aquélla legislación especial y por consiguiente que en el presente caso es de aplicarse el artículo citado del Código de Comercio con preferencia al artículo 1,699 del Código Civil que cita el recurrente y que sólo rige en las sociedades comunes. Se confirma la nota puesta por el Registrador de la Propiedad de esta Capital al pie del mandamiento de que se trata en el presente recurso y devuélvase dicho

documento al Registrador con copia certificada de la presente resolución que se publicará además en la· *Gaceta Oficial* para su conocimiento y demás fines procedentes. — Así lo acordaron y firman los señores del Tribunal, de que certifico.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Louis Sulzbacher.—Eugenio Alvarez, *Secretario sustituto*.

<hr>

(Pleito No. 130.—Fallado el 22 de Junio de 1901.)

## PEÑA, EX–PARTE.

RECURSO contra resolución de la Corte de Distrito de Arecibo.

RECURSO. En el escrito interponiendo recurso de casación debe expresarse el párrafo del artículo 1,690 en que se halle comprendido, y citarse con precisión y claridad la ley ó doctrina legal que se crea infringida y el concepto en que lo haya sido.